SAMUEL J. FOSTER AND BENJAMIN P. GILMAN *versus* JOHN
FIFIELD.

Where one of two partners has assigned his interest in the partnership
effects to his co-partner to secure the latter for debts due him from the form-
er, but remains liable for the debts of the firm, and entitled to his share of
any surplus, his declarations are evidence against the firm, in an action in
the name of the partnership, brought for the benefit of the assignee
alone.

In such a suit, the partnership book, containing charges made against one of
the partners, for moneys paid by him upon his private debts, is receivable
in evidence for the defendant, to prove that the other partner must have
known of such payments, although some other payments may have been
made, which were not entered on the book.

In such a case, as against the assignee-partner, the defendant cannot retain
money paid to him out of the co-partnership funds upon a debt due to him
from the other partner, if at the time of receiving it, he knew the money
belonged to the company, unless the assignee-partner, at or before the
payment had assented thereto.

ASSUMPSIT to recover $75 and $25, received by the de-
fendant.   Trial before SHEPLEY, J.

Foster & Gilman was the name of a firm, in which the
plaintiffs were the sole partners.   Foster, being indebted to
Gilman, assigned to him as collateral security, all his interest in
the partnership property, with a provision that the partnership
should still be continued.

The plaintiff introduced the defendant's receipt for said sum
of " $75, received of Foster and Gilman, to be accounted for,"
and also proved that the $25 were indorsed, as received of
Foster & Gilman, upon a note which defendant held against
another firm, of which Foster was also a co-partner.   This ac-
tion is brought to recover back said sums for the sole benefit of
Gilman.

Gilman also showed another assignment to him from Foster,
as collateral security, of all his interest in said company affairs,
with authority to use his name in the collection of company
claims, but still reserving his right to his share of the surplus,
which might remain to the partnership, after his debt to Gilman
had been paid.

The defendant, (under objection by the plaintiff,) read a paper signed by Foster, and made since the commencement of this suit, stating that after said first assignment, he let the defendant have said sums in part payment of the abovementioned note.

To prove that Gilman assented to such payments by Foster, the defendant offered the company book of Foster & Gilman, containing charges against Foster for payment so made on his private debts, and on the debts of said last mentioned firm. The book was objected to. In order to have the book excluded, the plaintiff offered to prove Foster's declarations that he had paid two forged notes out of the funds of Foster & Gilman, which he had never charged. The evidence of such declarations was excluded. The book was received.

" The case was submitted to the jury with instructions that if satisfied that defendant received the money in payment of a debt due to him from the firm of Lincoln, Foster & Co., from Samuel J. Foster, and knew that it was by Foster taken from the funds of Foster & Gilman, he could not be entitled to retain it, but the plaintiffs would be entitled to recover, unless they should be also satisfied that Benjamin P. Gilman assented to such payment; that his consent might be expressed or implied ; that they might be authorized to infer it from the state of the accounts on the books, from the documents introduced and the other testimony in the case, if it satisfied them that he did assent to it ; that in such case the plaintiffs would not be entitled to recover ; that they would consider whether the $75, as well as the other sum, was paid to him toward the debt due from Lincoln, Foster & Co. to him ; that they might take into consideration the declarations of Samuel J. Foster contained in the annexed paper, and the other testimony and relations between those parties ; that if not satisfied it was paid towards that debt, plaintiff would be entitled to recover ; that while considering whether Benjamin P. Gilman assented to the payment of the money to the defendant, they would not consider the declarations of Foster that he knew of such charges as affecting him or tending to prove it."

The jury found a verdict for the defendant. If these rulings or instructions were erroneous, the verdict is to be set aside, and a new trial granted.

SHEPLEY, J. — The action was commenced to recover two sums of money, $75 and $25, alleged to be due to the firm of Foster & Gilman. In defence it was contended, that those sums were paid by Foster with the knowledge and consent of his co-partner Gilman, to the defendant in part payment of a promissory note, made by the firm of Lincoln, Foster & Co., to the defendant. Samuel J. Foster was one of the members of the latter as well as of the former firm. A verdict was found for the defendant.

It is insisted, that the written and verbal declarations of Samuel J. Foster, one of the plaintiffs, were not legal testimony.

Whether they were or not legal testimony must depend upon the relation, which he sustained to the cause. If, as contended, he was but a nominal party having no interest in the event of the suit, they were not legal testimony. If on the contrary he was a party, whose interests were liable to be affected by them, they were properly admitted. The paper signed by Foster and bearing date on February 4, 1846, shows, that the firm of Foster & Gilman had been dissolved, and that Gilman was authorized to settle the affairs of the partnership, and to commence suits in the names of the partners. It does not transfer the interest which Foster had in the assets of the firm, to Gilman, except for the benefit of Foster, in payment of his liabilities to Gilman. Foster continued to be liable for the debts of the firm ; and to be entitled to have half of any surplus, that might remain after payment of the debts of the firm, and the debts due from Foster to Gilman, paid to him. His declarations would affect his own interest in that surplus. The admissibility of his declarations cannot be determined by the contingent character or by the magnitude of that interest.

It is further insisted, that the testimony offered to prove, that two notes were forged and were paid by Foster out of the funds

of the partnership, without any charge therefor made upon the books of the partnership, was improperly excluded.

It is apparent, that such testimony could have no direct bearing upon the issue. It is alleged to have been admissible for the purpose of showing, that the books of the firm did not contain a correct account of all their transactions. If the fact alleged were admitted, that would not vary the rights of the parties. The purpose for which the books were introduced, was to show what charges were made upon them, and that Gilman might be presumed to have known, that such charges were made upon them. For this purpose, it was immaterial to inquire, whether the books were correctly kept or not.

The next alleged error is found in the instructions, that if satisfied, that the money was paid by Foster, from the funds of the partnership to the defendant, with the knowledge on his part, that it was taken from those funds, the defendant could not retain the money, unless they should be also satisfied, that Gilman assented to such payment. These instructions are said to be deficient, in not requiring that there should be a consideration for that payment, received by Gilman or by the firm. If a consideration on the part of the defendant were not sufficient, a person holding a note against one of the members of a firm, could not lawfully receive payment of it from the funds of the firm by the express consent of all the members of the firm. The law only requires it should be made by their consent and for a valuable consideration, which may consist in a benefit to one party, or in an injury to the other.

The instructions are alleged to have been erroneous in stating that Gilman's assent to the payment might be inferred from the accounts upon the books, from the documents, and other testimony. The argument is, that they did not require such an assent to exist at the time, when the payment was made. But they do not admit of such a construction. They required, that the jury should be satisfied, " that Benjamin P. Gilman assented to such payment." This necessarily required that the jury should find, that he assented before or at the time of payment.

The counsel proceeded in argument to examine the testimony to prove the assent and to attempt to show, that it was insufficient to authorize such an inference; as if the Court had decided upon its sufficiency, and had committed an error in doing so. But counsel are in error in supposing, that the Court by the instructions withdrew the free consideration of that question from the jury by expressing any opinion upon it.

The counsel also entered upon a consideration of what might amount to a ratification of that payment by Gilman. It is unnecessary to consider that question, for it does not appear to have been presented at the time of trial; nor do the instructions appear to have had any reference to it.

*Judgment on the verdict.*

*W. G. Crosby*, for plaintiffs.

*Kent* and *Cutting*, for defendant.